IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

v.                                          CRIMINAL NO. 3:24-cr-24-DCB-ASH

KODA TYE WILLIAMSON

### AGREED PRELIMINARY ORDER OF FORFEITURE

Pursuant to a separate Plea Agreement and Plea Supplement between the Defendant, **KODA TYE WILLIAMSON**, by and with the consent of his attorney, and the **UNITED STATES OF AMERICA** (hereinafter "Government"), Defendant agrees that the following findings are correct, and further agrees with the adjudications made herein. Accordingly, the Court finds as follows:

1. The Defendant is fully aware of the consequences of having agreed to forfeit to the Government his interests in and to the hereinafter-described property, having been apprised of such by his attorney and by this Court; and he has freely and voluntarily, with knowledge of the consequences, entered into a Plea Agreement and Plea Supplement with the Government to forfeit such property.

2. The Defendant agrees, (the "**Subject Property**"):

| ASSET ID | Property Description |
|---|---|
| 23-ATF-039459 | One (1) Glock Gmbh Pistol, Model: 19x, CAL: 9mm, Serial No. BTRH153 |
| 23-ATF-039466 | One (1) SCCY Industries, LLC (Skyy Ind.) Pistol, Model: CPX-2, CAL: 9mm, Serial No. C043023 |
| 23-ATF-039468 | One (1) Smith & Wesson Pistol, Model; SD40VE, CAL: .40, Serial No. HEY7973 |

was used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense charged in the Indictment [1]. Such property is, therefore, subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c).

      person known to have an alleged interest in the **Subject Property**. Fed. R. Crim. P. 32.2(b)(6).

e. Any person, other than the above-named Defendant, asserting a legal interest in the **Subject Property** may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the **Subject Property**, and for an amendment of the Order of Forfeiture, pursuant to 21 U.S.C. § 853(n).

f. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A), this Preliminary Order of Forfeiture shall become final as to the Defendant at the time of sentencing [or before sentencing if the Defendant consents] and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

g. Any petition filed by a third party asserting an interest in the **Subject Property** shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the **Subject Property**, the time and circumstances of the petitioner's acquisition of the right, title or interest in the **Subject Property**, any additional facts supporting the petitioner's claim, and the relief sought.

h. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues. Fed. R. Crim. P. 32.2(c)(1)(B).

i. The United States shall have clear title to the **Subject Property** following the

Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third-party petitions.

The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

SO ORDERED AND ADJUDGED this 30th day of July 2024.

_____
UNITED STATES DISTRICT JUDGE

AGREED:

_____
MATTHEW WADE ALLEN
Assistant United States Attorney

_____
KODA TYE WILLIAMSON
Defendant

_____
JOSEPH M. HOLLOWMAN
Attorney for Defendant